IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ANGEL MARTINEZ, JR., | |
| Plaintiff(s), | No. C 07-4684 CRB (PR) |
| v. | ORDER OF SERVICE |
| JAMES E. TILTON, et al., | |
| Defendant(s). | |

Plaintiff, a prisoner at Pelican Bay State Prison ("PBSP"), has filed a pro se civil rights complaint under 42 U.S.C. § 1983 and 28 U.S.C. § 1367 alleging unjustified interference with his incoming mail based on alleged prison and street gang association. Plaintiff claims that the repeated denial, censoring and defacement of his mail on the basis of erroneous and unreliable information has amounted to violations of his federal and state constitutional rights.

## DISCUSSION

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Prisoners enjoy a First Amendment right to send and receive mail.  See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)).  A prison may nonetheless adopt regulations or practices which impinge on a prisoner's First Amendment rights as long as the regulations or practices are "reasonably related to legitimate penological interests."  Turner v. Safley, 482 U.S. 78, 89 (1987).

Prisoners also have a liberty interest in the receipt of mail, which triggers procedural due process guarantees.  Krug v. Lutz, 329 F.3d 692, 696-967 (9th Cir. 2003).  If prison officials withhold mail, a prisoner has due process right to receive notice that his incoming mail is being withheld.  See Frost v. Symington, 197 F.3d 348, 353-54 (9th Cir. 1999); see also Prison Legal News v. Cook, 238 F.3d 1145, 1152-53 (9th Cir. 2001) (holding that due process rights apply to withheld mail where prisoners had constitutionally protected right to receive the mail).  He also has the due process right to appeal the exclusion of mail to a prison official other than the one who made the initial exclusion decision.  See

2

1  Krug, 329 F.3d at 697-98 & n.5 (holding that due process safeguards of Martinez,
2  and not Turner reasonableness standard, apply to withholding delivery of
3  incoming publications, and prison's policy of not providing two-level review
4  violates prisoner's procedural due process rights).
5      Liberally construed, plaintiff's allegations state cognizable claims of
6  violation of his First Amendment and Fourteenth Amendment rights under the
7  federal constitution, and analogous guarantees under the California constitution,
8  and will be served on the named defendants.  Plaintiff's claim of violation of his
9  Eighth Amendment rights is dismissed, however.  Interference with incoming
10  mail based on alleged prison and street gang association cannot be said to
11  constitute cruel and unusual punishment under the Eighth Amendment.  Cf.
12  Hoptowit v. Ray, 682 F.2d 1237, 1255-56 (9th Cir. 1982) (misclassification does
13  not inflict pain so as to constitute cruel and unusual punishment violative of 8th
14  Amendment).

## CONCLUSION

16  For the foregoing reasons and for good cause shown,
17      1.    The clerk shall issue summons and the United States Marshal shall
18  serve, without prepayment of fees, copies of the complaint in this matter, all
19  attachments thereto, and copies of this order on the named defendants.  The clerk
20  also shall serve a copy of this order on plaintiff.
21      2.    In order to expedite the resolution of this case, the court orders as
22  follows:
23      a.    No later than 90 days from the date of this order, defendants
24  shall file a motion for summary judgment or other dispositive motion.  A motion
25  for summary judgment shall be supported by adequate factual documentation and
26  shall conform in all respects to Federal Rule of Civil Procedure 56, and shall

1  include as exhibits all records and incident reports stemming from the events at
2  issue.  If defendants are of the opinion that this case cannot be resolved by
3  summary judgment or other dispositive motion, they shall so inform the court
4  prior to the date their motion is due.  All papers filed with the court shall be
5  served promptly on plaintiff.
6              b.      Plaintiff's opposition to the dispositive motion shall be filed
7  with the court and served upon defendants no later than 30 days after defendants
8  serve plaintiff with the motion.
9              c.      Plaintiff is advised that a motion for summary judgment
10 under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your
11 case.  Rule 56 tells you what you must do in order to oppose a motion for
12 summary judgment.  Generally, summary judgment must be granted when there
13 is no genuine issue of material fact--that is, if there is no real dispute about any
14 fact that would affect the result of your case, the party who asked for summary
15 judgment is entitled to judgment as a matter of law, which will end your case.
16 When a party you are suing makes a motion for summary judgment that is
17 properly supported by declarations (or other sworn testimony), you cannot simply
18 rely on what your complaint says.  Instead, you must set out specific facts in
19 declarations, depositions, answers to interrogatories, or authenticated documents,
20 as provided in Rule 56(e), that contradicts the facts shown in the defendant's
21 declarations and documents and show that there is a genuine issue of material
22 fact for trial.  If you do not submit your own evidence in opposition, summary
23 judgment, if appropriate, may be entered against you.  If summary judgment is
24 granted, your case will be dismissed and there will be no trial.  Rand v. Rowland,
25 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).
26 /

4

1    Plaintiff is also advised that a motion to dismiss for failure to exhaust
2 administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your
3 case, albeit without prejudice. You must "develop a record" and present it in
4 your opposition in order to dispute any "factual record" presented by the
5 defendants in their motion to dismiss. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120
6 n.14 (9th Cir. 2003).

    d.    Defendants shall file a reply brief within 15 days of the date
on which plaintiff serves them with the opposition.

    e.    The motion shall be deemed submitted as of the date the
reply brief is due. No hearing will be held on the motion unless the court so
orders at a later date.

    3.    Discovery may be taken in accordance with the Federal Rules of
Civil Procedure. No further court order is required before the parties may
conduct discovery.

    4.    All communications by plaintiff with the court must be served on
defendants, or defendants' counsel once counsel has been designated, by mailing
a true copy of the document to defendants or defendants' counsel.

    5.    It is plaintiff's responsibility to prosecute this case. Plaintiff must
keep the court and all parties informed of any change of address and must comply
with the court's orders in a timely fashion. Failure to do so may result in the
dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: January 11, 2008

CHARLES R. BREYER
United States District Judge