# EXHIBIT B

FIR[ ]LEVEL SUPPLEMENTAL PA([ ])

NOV 1 6 REC'D

C-FILE

RE: PELICAN BAY STATE PRISON
Appeal Log # PBSP-C-06-02404
First Level Reviewer's Response

INMATE: MARTINEZ, H-93376

APPEAL DECISION: DENIED

APPEAL ISSUE:

In your appeal you state that an incoming letter was disapproved for containing Third Party mail. You further state that when you received the California Department of Corrections (CDC) Form 1819, Notification Of Disapproval – Mail/Packages/Publications, you were not afforded the opportunity sign the acknowledgement receipt on the form. You request that the disapproved items be given to you.

APPEAL RESPONSE:

A thorough review of the request presented in this appeal and its attachments has been completed. Your appeal and your requested remedial action has received careful consideration. Correctional Lieutenant F. Vanderhoofven was assigned to investigate your allegations by the First Level Reviewer. During this review Lieutenant Vanderhoofven interviewed you, and reviewed the California Code of Regulations (CCR) and Operational Procedure (OP) No. 205, Inmate Mail.

You were interviewed by Lieutenant Vanderhoofven on October 19, 2006. During this interview, you addressed the same issues as in your appeal, and indicated you had no further information to include with your appeal. You questioned the ability of housing unit staff to make a determination that your incoming mail should be disapproved.

You were further advised that per OP No. 205, the Warden or his designee has the responsibility of making decisions regarding the approval of correspondence between inmates, as prescribed in the California Code of Regulations (CCR), Title 15, Section 3139 Correspondence Between Inmates. The authority for approving or denying such exchange of written and printed material may not be delegated below the staff level of a Correctional Captain. Per OP No. 205, housing unit staff scan the mail for suspected violations of mail procedures. The mail is then forwarded to a Facility or Correctional Captain who approves or disapproves the correspondence.

You explained that the officer who issued the CDC 1819, dated September 12, 2006, did not afford you the opportunity to acknowledge receipt of the notice and to indicate disposition. You added that it is your option to request the items be, (1) held pending appeal, (2) returned to sender, or (3) destroyed. This is correct. Lieutenant Vanderhoofven advised you that training will be provided to staff to ensure inmates are afforded the opportunity to acknowledge receipt of the CDC 1819 and to indicate disposition.

In your appeal you contend that you were not provided evidence as to how it was determined that your incoming correspondence contained Third Party mail. The procedure for disapproving mail does not require that such evidence be provided; only that the inmate will be promptly informed in writing of the reason the mail is being disallowed.

DETERMINATION OF ISSUE:

Based on this review, the action requested to resolve this appeal is DENIED at the First Level of Review. The items were disallowed per Operational Procedure.

U. SILVA        10-26-06
Facility Captain (A)    Date
Facility C

C. M. SCAVETTA        10/26/06
Associate Warden        Date
Security Housing Unit

B-1

STATE OF CALIFORNIA                                                                                  DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region: PBSP    Log No.: C06-02404    Category: 3/7  Third party mail

1. _____    1. _____
2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Juan Angel Martinez | H-93376 | | C-7-224 |

A. Describe Problem: In Re. Correspondence. On 9-14-06. I Recieved An 1819 indicating that A Letter Sent to Me Was Being Dissapproved for it being A Letter from A 3rd Party. On 9-11-06. I Was informed by C/o Estes that he had deemed A Letter Sent to Me from My Uncle As 3rd Party. He then issued Me (4) four Pictures that Were inside of the envelope. I Asked him how he came to the Conclusion that the Mail Was 3rd party. And if he Was A Specialist in identifying 3rd party Mail. He declined to Make A statement. He Only stated that he Was Only doing his job And Would forward the CDC 1819 to the

If you need more space, attach one additional sheet.

B. Action Requested: The letter from My Uncle be given to Me. And if not. A reason Why it is not being given to Me with evidence proving 3rd party Correspondence. And not just A Belief. Also that the Disposition sec of the 1819. be properly filled out. And that C-7 floor staff Cease to interfere with My Mail or that of other Yms. And it be left to the Designee to screen Mail.

Inmate/Parolee Signature: _____    Date Submitted: 9-19-06

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: _____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

B-2

First Level: ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 9-20-06   Due Date: 11-02-06

Interviewed by: _____ on 10/19/06

(SEE ATTACHED)

Staff Signature: _____ Title: FOD   Date Completed: 10-26-06
Division Head Approved Signature: _____ Title: _____  Returned Date to Inmate: 10/31/06

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Signature: _____   Date Submitted: _____

Second Level: ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____  Due Date: _____
☐ See Attached Letter

Signature: _____   Date Completed: _____
Warden/Superintendent Signature: _____   Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: _____   Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____
☐ See Attached Letter
Date: _____

CDC 602 (12/87)

B-3

1. Captain for Approval. On 9-14-06. I recieved a Copy of the
2. 1819. However it does not Stipulate if My letter was being held
3. 1) Pending investigation 2) being returned to Sender. 3) Or Destroyed.
4. Thus Violating Policy/Procedure of OP.25 (I'm Mail).
5. OP.25. indicates that the Wardens Designee is responsible for Making
6. Decisions regarding Mail. It is clear here that C/o Estes Made the decision
7. to disallow, And determined that the letter was 3rd Party Correspondence.
8. further Violating OP.25. Essentially OSSI is responsible for Supervision of
9. Mail room Staff, And ultimately Mail. it is not the job of Floor staff
10. to Make the determination of Allowable Mail. it is for the Wardens designee
11. Or ISU/IGI to decide, for they have formal training And Are familiar with
12. the Procedures And Criteria in identifying Mail infractions. Allowing staff
13. whom are not Mail designee's to screen, Or Make decisions based upon their
14. personal prejudices or whims And beliefs Of Mail infractions Amounts to
15. An illegitimate Purpose. And is "Capricious interference" with the 1st
16. Amendment. (see Parrish v Johnson 800 F 2d 606,604. (8th Cir 1986). Their is
17. No statement of how this Mail is deemed to be 3rd Party. Their is
18. No evidence of this letter being 3rd Party. Absent the Proper
19. Procedures stated Above My due Process rights have been
20. Violated. It has been the general Practice of Floor staff in C-7 to
21. Screen And Disallow Mail which is not in their job description. it
22. is for the Mailroom Staff, Or Wardens designee to decide
23.
24.
25.
26.
27.
28.

B - 4

( ) Estes

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS
CDC 1819 (Rev. 6/98)

## NOTIFICATION OF DISAPPROVAL - MAIL/PACKAGES/PUBLICATIONS

INMATE'S NAME: Martinez   C-7/224
CDC NUMBER: H-93376

### MAIL / PACKAGES SECTION (Complete for mail or package cases only)

[X] INCOMING MAIL/PACKAGE   [ ] OUTGOING MAIL/PACKAGE

LIST ITEM(S) WHICH MEET DISAPPROVAL CRITERIA: letter from third party

DESCRIPTION OF MATERIAL THAT MEETS DISAPPROVAL CRITERIA, INCLUDE CCR, TITLE 15 SECTION /
OP 205, Attachment 8 #32 forbids third party mail. The four photographs were issued to the Inmate - 2 desert photos one race car photo and one photo of metal dinosaur blowing flames. "I recieved 4 photos on 9-11-06. S/m Martinez"

### DISPOSITION / SENDER INFORMATION

[ ] HELD PENDING INVESTIGATION/APPEAL
[ ] RETURNED TO SENDER _____ (At Inmate's Expense) (Date)
[ ] DESTROYED

*(INMATE HAS FIFTEEN (15) DAYS, AFTER NOTIFICATION OF DISAPPROVAL HAS BEEN FORWARDED, TO LET STAFF KNOW THE CHOICE OF DISPOSAL, OTHERWISE MATERIAL WILL BE DESTROYED).

FIRST NAME: Samuel
MI: 
LAST NAME: Martinez
ADDRESS: 236 S. Victoria Ave
CITY: San Jacinto    STATE: CA    ZIP CODE: 92583

I ACKNOWLEDGE RECEIPT OF THIS NOTIFICATION: (INMATE'S SIGNATURE)
DATE SIGNED:

### AUTHORITY TO DISALLOW (Must be completed in all cases)

PRINTED NAME OF WARDEN'S DESIGNEE: U. Silva
SIGNATURE OF WARDEN'S DESIGNEE: U. Silva
DATE SIGNED: 9-12-06
DATE FORWARDED TO INMATE: 9-14-06

### PUBLICATIONS SECTION (Complete for publication cases only)

TITLE OF PUBLICATION (include issue/date):
PUBLISHER:
PAGE(S) WHICH MEET DISAPPROVAL CRITERIA:

DESCRIPTION OF MATERIAL THAT MEETS DISAPPROVAL CRITERIA, INCLUDE CCR, TITLE 15 SECTION

### DISPOSITION / DESIGNEE INFORMATION

[ ] HELD PENDING INVESTIGATION/APPEAL
[ ] DESTROYED
[ ] RETURNED TO OUTSIDE DESIGNEE AT INMATE'S EXPENSE _____ (Date)

**(INMATE HAS FIFTEEN (15) DAYS, AFTER NOTIFICATION OF DISAPPROVAL HAS BEEN FORWARDED, TO LET STAFF KNOW THE CHOICE OF DISPOSAL, OTHERWISE MATERIAL WILL BE DESTROYED).

FIRST NAME:    MI:    LAST NAME:
ADDRESS (NUMBER AND STREET):
CITY:    STATE:    ZIP CODE:
I ACKNOWLEDGE RECEIPT OF THIS NOTIFICATION: (INMATE'S SIGNATURE)    DATE SIGNED:

### AUTHORITY TO DISALLOW (Must be completed in all cases)

FACILITY CAPTAIN'S PRINTED NAME   FACILITY CAPTAIN'S SIGNATURE   DATE SIGNED   DATE FORWARDED TO INMATE

DISTRIBUTION:
ORIGINAL - MAILROOM
CANARY - INMATE
PINK - SENDER / DESIGNEE

* ALL APPEALS REGARDING MAIL/PACKAGES SHALL BE REFERRED TO THE WARDEN'S DESIGNATED STAFF
** ALL APPEALS REGARDING PUBLICATIONS SHALL BE REFERRED TO THE FACILITY CAPTAIN.

B - 5

GARCIA   E 13796   C11-215

PULL RECORDS   INTERVIEW   RTC STAFF

TALK TO BUCKLEY                                  4/13/06   1509
                                         2549 6/19/06   6/20/06  1509
PROPERTY DISPOSITION FORM   DATED 6/11/06   2891

WRITERS DIGEST BOOK CLUB   THREE TRACKING LOG #S
                 $8.89

806   7 PERIODICALS   2 PARA


MARTINEZ   H 42376   C7-227

MENDOZA        J84814              C2-201

REVIEW PROCEDURES
TRAIN STAFF
RESPOND IN WRITING                30 PGS BEANY
                                  PAPER

---

DEL VALLE       H15818             C5-224

INTERVIEW    CLAIMS HE DID NOT SHOW TO
             FLOOR STAFF — REFERRED TO AND
             SEEN BY PSYCH STAFF — CLAIMS
             NO PSYCH ISSUES
             IN UNIT C5 SINCE MAR 05

PULL FILE    EXTENSIVE SHU FILE

             CLAIMS HE TOLD STAFF.
             INTER. W/ UNIT STAFF NOM
             DID NOT SAY ANYTHING UNTIL AFTER
             HE FILED APPEAL

---

HARRISON     T27984                C9201
             BATTERY W/WEAPON 10/2/02 SLASHING
PULL FILE    VO AFFIRED 8/8/06   CSR ENDORSED
             A DOC FOR GANG NTLR R8BL 7/18/03   10/3/06

RODRIGUEZ    —    PULL FILE

(b) Inmates shall use the established inmate appeal procedures as provided in Section 3084.1, et seq. An inmate's submittal of an appeal within 15 days of a notice that mail is being designated as undelivered will postpone any disposition of the mail until an appeal decision is made at the second level of appeal review. If the inmate's appeal is denied at the second level of appeal review, the item of mail shall be disposed of as provided in subsection 3147(a)(5)(B).

(c) Persons other than inmates should address any appeal relating to department policy and regulations to the Director of Corrections. Appeals relating to facility procedures and practices should be addressed in writing to the warden, superintendent or regional administrator of the facility where the appeal arises. The warden, superintendent or regional parole administrator shall provide a written response within 15 working days. Appeals that are not satisfactorily resolved at this level may be forwarded in writing to the director who shall provide a written response within 20 working days.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 2600, 2601, Penal Code; *In re Muszalski*, 52 Cal App 3rd 500.

HISTORY:
1. Amendment of section heading, renumbering and amendment of former subsection 3147(a)(5)(C) to section 3137 subsection (b), and amendment of Note filed 6-6-96; operative 6-6-96 pursuant to Government Code section 11343.4(d) (Register 96, No. 23).

3138. General Mail Regulations.

(a) All nonconfidential inmate mail is subject to being read in its entirety or in part by designated employees of the facility before it is mailed for or delivered to an inmate. The institutional head or designee may reject mail sent by or to an inmate as provided in section 3136.

(b) All incoming packages and mail addressed to an inmate will be opened and inspected before delivery to the inmate. The purpose of inspection will be to receive or receipt any funds enclosed for deposit to the inmate's trust account; to verify and record the receipt of permitted personal property; and to prevent the introduction of contraband.

(c) Outgoing inmate mail shall be inspected in accordance with local procedures.

(1) All outgoing packages will undergo inspection by appropriate employees before the package is sealed and mailed.

(2) No collect-on-delivery packages or letters of any kind will be accepted for an inmate.

(d) Packages.

(1) Facilities will make available to all inmates procedures for the receipt of packages from their correspondents via departmentally-approved vendors in accordance with limits set for their assigned inmate work/training incentive group. A facility may refuse to deliver the package if the inmate is not qualified to receive the package, and dispose of the package as provided in subsection 3147(a)(5) without the need to hold the package pending appeal as provided in subsection 3147(a)(5)(B). If the package is in excess of the 30-pound limit, or is damaged, the package shall be returned to the vendor at the vendor's expense.

(2) Facilities will establish and make available to all inmates procedures for shipping packages to their correspondents.

(e) Enclosed Funds. Funds may be mailed to an inmate by money orders, certified or personal checks, or any other negotiable means except cash. Funds received in the form of a personal check will not be released for spending by the inmate until the check has cleared the named bank.

(f) Publications.

(1) Publications are reproduced, handwritten, typed/printed, and/or pictorial materials including books, periodicals, newspapers, and pamphlets. Inmates may subscribe to newspapers, periodicals, and purchase softcover books. All publications shall be sent directly from a publisher or book store which does mail order business, with the exception of donations which are not otherwise prohibited. Any exceptions must be authorized by the institution head.

(2) Publications must be addressed to an individual inmate except for donations to the institution as otherwise permitted by these regulations and local procedures.

(3) A publication received through the U.S. mail from the publisher or book store shall be excluded for the reasons stated in Section 3006(c).

(4) Nothing in this section shall be construed as limiting a facility's right to inspect nonconfidential material and to limit the number of publications an inmate may possess at one time.

(g) Contests. Inmates may not participate in any contest advertised in or sponsored by the media when a financial obligation is involved, or when such participation will result in an expense to the facility beyond the routine cost of processing mail. Exceptions may be individually approved by the warden.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 2600, 2601, 4570 and 5054, Penal Code; *Procunier v. Martinez* (1974) 416 U.S. 396; and *Bell v. Wolfish* (1979) 99 S. Ct. 1861.

HISTORY:
1. Amendment filed 1-3-95 as an emergency; operative 1-3-95 (Register 95, No. 1). A Certificate of Compliance must be transmitted to OAL 6-12-95 or emergency language will be repealed by operation of law on the following day.
2. Reinstatement of section as it existed prior to emergency amendment filed 7-25-95 by operation of Government Code section 11346.1(f) (Register 95, No. 30).
3. Amendment of subsections (a)–(c) filed 7-25-95 as an emergency; operative 7-25-95 (Register 95, No. 30). A Certificate of Compliance must be transmitted to OAL by 11-22-95 or emergency language will be repealed by operation of law on the following day.
4. Certificate of Compliance as to 7-25-95 order transmitted to OAL 11-17-95 and filed 1-3-96 (Register 96, No. 1).
5. Renumbering of former subsections 3147(a)(9)(G) through (a)(9)(J) to newly designated subsections 3138(d) through (g), amendment of newly designated subsections (d)(1), (f)(1)–(f)(2), (g) and Note filed 6-6-96; operative 6-6-96 pursuant to Government Code section 11343.4(d) (Register 96, No. 23).
6. Amendment of subsection (d)(1) filed 12-30-2003 as an emergency; operative 1-1-2004 (Register 2004, No. 1). Pursuant to Penal Code section 5058.3(a)(1), a Certificate of Compliance must be transmitted to OAL by 6-9-2004 or emergency language will be repealed by operation of law on the following day.
7. Withdrawal and repeal of 12-30-2003 amendment filed 5-27-2004 as an emergency; operative 5-27-2004 (Register 2004, No. 22). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 9-24-2004 or emergency language will be repealed by operation of law on the following day.
8. Amendment of subsection (d)(1) and Note filed 5-27-2004 as an emergency; operative 5-27-2004 (Register 2004, No. 22). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 11-3-2004 or emergency language will be repealed by operation of law on the following day.
9. Certificate of Compliance as to 5-27-2004 order transmitted to OAL 10-28-2004 and filed 12-14-2004 (Register 2004, No. 51).

3139. Correspondence Between Inmates.

Inmates of separate correctional facilities may correspond with each other providing prior approval of the institution head of the correctional facility where the inmates are confined has been obtained. The authority to approve or deny such correspondence may not be delegated below the staff level of correctional or facility captain.

(a) The approval to correspond will remain in effect even though one or both of the inmates is transferred to another facility of the department. This approval to correspond may be forfeited due to disciplinary violations involving correspondence between the inmates or as a result of a classification action based upon the

TITLE 15　　　　DEPARTMENT OF CORRECTIONS AND REHABILITATION　　　　§ 3143

security needs at either inmate's new location. Any such restriction or revocation of approval will be communicated to both inmates and to the administrators of the facilities where the inmates are housed.

(b) Any exchange of written or printed material between inmates of separated or segregated sections of the same facility will require the prior approval of the institution head. The authority for approving or denying such exchange of written and printed material may not be delegated below the staff level of correctional or facility captain.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 2601, 4570, Penal Code; *Procunier v. Martinez*, 416 U.S. 396; and *Bell v. Wolffish*, 99 S. Ct. 1861.

HISTORY:
1. Change without regulatory effect amending first paragraph and subsection (b) filed 4-4-2001 pursuant to section 100, Title 1, California Code of Regulations (Register 2001, No. 14).

3140. Former Inmates.

Inmates confined in departmental facilities may correspond with former inmates. Prior approval of the warden, superintendent, or person in charge of the correctional facility is required if the person was discharged from a correctional facility within the past twelve months. Prior approval of the warden, superintendent, or person in charge of the facility and approval of the person's case supervisor is required if the person is currently under parole, probation or outpatient supervision.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 2601, 4570, Penal Code; *Procunier v. Martinez*, 416 U.S. 396; and *Bell v. Wolffish*, 9 S. Ct. 1861.

3141. Confidential Correspondence.

(a) Inmates and persons confined in departmental facilities may correspond confidentially with the persons or the staff members of the persons listed in subsection (c) of this section. Confidential correspondence means that the correspondence shall not be read by any employee except as prescribed in Section 3142.

(b) Confidential correspondence is a right guaranteed by law. Using the means of confidential correspondence for personal non-business correspondence, the transmission of contraband items, or the smuggling of letters and other communications to be forwarded to persons not listed in subsection (c) is an abuse of this right and such proven abuse may be subject to disciplinary action as described in Sections 3314 and 3315.

(c) Persons and staff members of persons with whom inmates may correspond confidentially include:

(1) All state and federal elected officials.

(2) All state and federal officials appointed by the governor or the President of the United States.

(3) All city, county, state and federal officials having responsibility for the inmate's present, prior or anticipated custody, parole or probation supervision.

(4) County agencies regarding child custody proceedings, as clearly identified in the communication.

(5) All state and federal judges and courts.

(6) An attorney at law listed with a state bar association.

(7) The director, chief deputy director, deputy directors, assistant directors, executive assistant to the director, and the chief, inmate appeals, of the Department of Corrections.

(8) Legitimate legal service organizations including, but not limited to: the American Civil Liberties Union, the Prison Law Office, the Young Lawyers section of the American Bar Association, and the National Association of Criminal Defense Lawyers.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 2600 and 5054, Penal Code; *In re Jordan*, 12 CA 3rd 575 (1974); and *King v. Borg*, USDC-ED Case No. CIV. S-87-0519 LKK/PAN/P.

HISTORY:
1. Editorial correction of subsection (a) filed 2-19-85 (Register 85, No. 8).
2. Change without regulatory effect adopting new subsection (c)(8) and amending Note filed 8-19-93; operative 8-19-93 (Register 93, No. 34).
3. Repealer of subsection (c)(6) and subsection renumbering filed 4-8-96 as an emergency; operative 4-8-96 (Register 96, No. 15). Pursuant to Penal Code section 5058(e), a Certificate of Compliance must be transmitted to OAL by 9-15-96 or emergency language will be repealed by operation of law on the following day.
4. Certificate of Compliance as to 4-8-96 order transmitted to OAL 9-13-96 and disapproved 10-28-96 (Register 96, No. 44).
5. Repealer of subsection (c)(6) and subsection renumbering filed 10-28-96 as an emergency; operative 10-28-96 (Register 96, No. 44). Pursuant to Penal Code section 5058(e), a Certificate of Compliance must be transmitted to OAL by 4-6-97 or emergency language will be repealed by operation of law on the following day.
6. Certificate of Compliance as to 10-28-96 order transmitted to OAL 3-3-97 and filed 4-14-97 (Register 97, No. 16).
7. New subsection (c)(4), subsection renumbering, and amendment of Note filed 7-28-97 as an emergency; operative 7-28-97 (Register 97, No. 31). Pursuant to Penal Code 5058(e), a Certificate of Compliance must be transmitted to OAL by 1-5-98 or emergency language will be repealed by operation of law on the following day.
8. Certificate of Compliance as to 7-28-97 order, including further amendment of subsection (c)(4), transmitted to OAL 12-2-97 and filed 1-15-98 (Register 98, No. 3).

3142. Processing of Outgoing Confidential Mail.

In order to be accepted and processed as confidential correspondence, an inmate's letter must comply with all of the following requirements:

(a) The letter must be addressed to a person or to the office of a person listed in Section 3141.

(b) The inmate's name and the address of the facility must be included in the return address appearing on the outside of the envelope.

(c) The word "confidential" must appear on the face of the envelope. Failure to do this will result in the letter being processed as regular mail or being returned to the inmate if for any reason the mail cannot be processed as regular mail.

(d) Approved facility mail procedures may require either of the following procedures:

(1) The envelope must be sealed by the inmate before it is turned over to a staff member for mailing; or

(2) The envelope must be sealed by the inmate in the presence of a designated staff member before it is accepted for mailing.

(3) Either procedure may be applied to the outgoing confidential mail of all inmates of a facility; only designated classifications of inmates within a facility; to all of an individual inmate's mail; or only to correspondence between an inmate and a specific correspondent.

(4) The procedure to apply at each facility will be stated in the facility's mail procedures and such procedures shall be conspicuously displayed at appropriate locations throughout the facility. Improperly sealed or unsealed letters bearing a confidential notice will be returned to the inmate.

NOTE: Authority cited: section 5058, Penal Code. Reference: section 2601, Penal Code.

3143. Processing Incoming Confidential Mail.

Incoming letters bearing the name or title and a return address of persons and the office of persons listed in Section 3141 will be processed as confidential correspondence. This includes franked mail from governmental officials listed in Section 3141. A notice or request for confidentiality is not required on the envelope. Such incoming confidential mail will not be read by any staff member before or at the time the letter is delivered to the inmate, except as described in Sections 3138 and 3144(a). Incoming correspondence



| PELICAN BAY STATE PRISON |
|---|
| SECOND LEVEL REVIEW |

DATE: DEC 1 2 2006

Inmate MARTINEZ, H93376
Pelican Bay State Prison
Facility C, Security Housing Unit
Building 7, Cell 224

RE: WARDEN'S LEVEL DECISION
    APPEAL LOG NO. PBSP-C-06-02404

APPEAL: DENIED
ISSUE: MAIL

This matter was reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP). On October 19, 2006, Correctional Lieutenant F. Vanderhoofven conducted the interview at the First Level of Review.

## ISSUES

Inmate Martinez requests the disapproved incoming letter be given to him.

## FINDINGS

### I

The inmate alleges in his appeal that he was informed on September 11, 2006, by Correctional Officer (C/O) R. Estes that a letter sent to him from his uncle was deemed third party mail. The inmate states that he was issued four pictures that were inside of the envelope. The inmate states that he inquired as to how C/O R. Estes came to the conclusion that the mail was third party, but did not receive a response. The inmate indicates that C/O R. Estes stated that he would forward the CDC 1819, Notification of Disapproval – Mail/Packages/Publications, to the Captain for approval. On September 14, 2006, the inmate states that he received a CDC 1819, indicating the incoming letter was disapproved due to containing third party mail. The inmate contends that when he received the CDC 1819, he was not afforded the opportunity to sign the acknowledgement receipt on the form or designate a disposition. The inmate contends that it is not the responsibility of floor staff to make the determination of allowable mail; and therefore, his due process rights were violated.

### II

The inmate was dissatisfied with the First Level Response, stating that he disputes that incoming mail can be scanned by housing unit staff. The inmate contends that unit staff are not designated employees to read or scan mail. The inmate contends that PBSP Security Housing Unit (SHU) is circumventing rules by allowing unit staff to read and make determinations about the mail. The inmate states that he still does not know what became of his letter.

## DETERMINATION OF ISSUE

The California Code of Regulations, Title 15, Section 3139, Correspondence Between Inmates, *"Inmates of separate correctional facilities may correspond with each other providing prior approval of the institution head of the correctional facility where the inmates are confined has been obtained."*

B -.10

Supplement Page 2
MARTINEZ, H93376
Appeal # PBSP-C-06-02404

The Operational Procedure (OP) No. 205, Inmate Mail, VI. Methods, Section C. Reading of Regular Mail, states in part, "*Review of incoming and outgoing mail shall be made by custody staff.*" Section E Processing Inmate Mail, states in part, "*5. Each piece of incoming mail will be searched by housing unit staff for contraband and unauthorized items. Mail found to be unauthorized or to contain unauthorized items specifically prohibited in the OP's of this institution will not be issued to the inmate. Mail found to meet the criteria in the CCR, Title 15, Section 3006, will be presented to a Facility Captain for decision to its acceptability or denial. If denied, the Captain will authorize a Notification of Disapproval– Mail/Packages/Publications Form, California Department of Corrections and Rehabilitation (CDCR) 1819, (Attachment 1). The disallowed portion of the mail will be removed and the allowed portion of the mail will be issued.*"

A thorough investigation was conducted at the First Level of Review. The First Level Reviewer acknowledged that the inmate should have been afforded the opportunity to acknowledge receipt of the CDC 1819 and to indicate disposition. The First Level Reviewer stated that training will be provided to staff regarding this issue. The inmate was advised, at the First Level of Review, that the procedure for disapproving mail does not require that evidence be provided; only that the inmate will be promptly informed in writing of the reason the mail is being disallowed.

The Second Level Reviewer attempted to locate the disallowed letter, so that the inmate could notify staff of his choice of disposal, but discovered that it has apparently been misplaced. The inmate cannot be reimbursed with a similar item for disposal.

An investigation found that C/O R. Estes was in compliance with procedures regarding processing of incoming mail. The Facility Captain reviewed the mail, determined it to be third party mail, and a CDC 1819 was issued to the inmate. The letter is disallowed per policy; therefore, this APPEAL IS DENIED.

MODIFICATION ORDER

No modification of this decision or action taken is required.

ROBERT A. HOREL
Warden

NAT # 15      Date 11/29/06

B - 11