# EXHIBIT C

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

### DIRECTOR'S LEVEL APPEAL DECISION

Date: MAY 1 8 2007

In re: Martinez, H-93376
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0611225     Local Log No.: PBSP 07-00012

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner A. A. Read. All submitted documentation and supporting arguments of the parties have been considered.

I  APPELLANT'S ARGUMENT: It is the appellant's position that on December 15, 2006, the appellant received a Pelican Bay State Prison (PBSP) CDC Form 128-B, General Chrono, Stopped Mail Notification, dated December 7, 2006, for an incoming letter. The appellant states that Correctional Captain (Capt.) McGuyer is circumventing established mail procedures, which violates California Code of Regulations, Title 15, Section (CCR) 3131 and Operational Procedure #205 by deliberately using a CDC Form 128-B instead of a CDC Form 1819, Notification of Disapproval-Mail/Packages/Publications. It is contended that this circumvention of mail procedures allows staff to arbitrarily deny and/or disapprove the appellant's mail. The appellant claims that under CCR 3147(6), "Stopped Mail" pertains to mail that is being mailed by the inmate and not being received. Mail that is being withheld from the appellant, which was sent from an outside party is under CCR 3147 (5) (A) (B) and should be recorded on a CDC Form 1819. The delay in receiving this CDC Form 128-B notification prohibits the appellant from appealing the actions within the fifteen (15) day time limitation. The appellant requests that he receive his letter and if not, then he wants the reasons for the denying of his mail; that the appellant does not suffer from any reprisals for filing this appeal and that staff send a letter of apology to his correspondent. It also requested that the letter be removed from his central file; that staff stop using the CDC Form 128-B for "Stopped Mail"; only use the CDC Form 1819; refrain from using underground policies and that the appellant is awarded $10,000.00 for infringement of his First and Fourteenth Amendments and $10,000.00 for punitive measures.

II  SECOND LEVEL'S DECISION: The reviewer found that the appellant's concerns have been properly addressed by involved and/or assigned PBSP staff. The Informal Level Response and First Level of Review have been bypassed in this appeal. The Second Level of Review (SLR) states that the appellant was interviewed on February 8, 2007, by Correctional Sergeant (Sgt.) Barneburg concerning the appellant's appeal issues. Sgt. Barneburg also interviewed Institution Gang Investigator (IGI) Correctional Officer (CO) Countess regarding this appeal, which CO Countess confirmed that he authored the CDC Form 128-B, dated December 7, 2006, regarding this mailing. Sgt. Barneburg reviewed the letter and noted that the return address portion of the envelope and the body of the letter were written by two (2) separate people, which was readily apparent after a cursory examination of the handwriting on each sample. The author of this letter relays gang information to the appellant and signs the letter "Estela." The content of the letter implies that the author is incarcerated and used a third party to forward the letter. The SLR states that CCR 3147 (5)(A)(B) does not state what form is to be used but it does state what the documentation must contain when used to notify the authors of both incoming and outgoing mail. The SLR also stated that the CDC Form 128-B, dated December 7, 2006, was authored by CO Countess, authorized by Capt. McGuyer and contains all of the information required by CDCR rules and regulations regarding the disallowance of mail. The appellant's request that he not suffer any reprisals for the filing of this appeal is granted. All other requests were denied, including monetary compensation. Based upon the aforementioned information, the Second Level of Review granted in part the appeal.

III  DIRECTOR'S LEVEL DECISION: Appeal is denied.

    A. FINDINGS: The documentation and presented arguments are persuasive that the appellant has failed to support his appeal issue with sufficient evidence or facts to warrant a modification of the SLR. The

C-1

MARTINEZ, H-93376
CASE NO. 0611225
PAGE 2

examiner reviewed CCR 3006, Contraband, CCR 3023, Gang Activity, and CCR 3136, Disapproval of Inmate Mail, and concurs with the assessment of the institution that the appellant's appeal issues have been appropriately and properly addressed. The examiner noted the attached CDC Form 128-B, Stopped Mail Notification, dated December 7, 2006, that explained the need for staff to take action against the appellant for violating CDCR regulations. The institution specifically explained to the appellant that IGI staff are processing the appellant's mail properly, as well as the reason for denying the appellant's incoming letter. The examiner finds that PBSP staff are adhering completely to the departmental and institutional rules and regulations governing the mailroom policies and the need to maintain institutional security. The examiner finds that CCR 3270, Security, states in part, "The requirement of custodial security and of staff, inmate and public safety must take precedence over all other considerations in the operations of all the programs and activities of the institutions of the department." The examiner also notes that the United States Code, Title 18, Section 1342, states in part, "Whoever, for the purpose of conducting, promoting, or carrying on by means of the United States Postal Service, any scheme or any unlawful business, uses or assumes, or requests to be addressed by, any fictitious, false or assumed title, name, or address or name other than his or her proper name shall be fined or imprisoned under this title." The institution has shown that the letter was sent as a third party mailing with a fictitious name in the return address portion of the envelope. The examiner finds that the appellant failed to support his claim that IGI staff improperly withheld the appellant's incoming mail and used the wrong CDCR form for documenting the occurrence. The appellant's claim that he is not able to use the CDC Form 602, Inmate/Parolee Appeal Form, process due to time limitations is also not correct. CCR 3084.6, Appeal Time Limits, states in part, "The appellant must submit the appeal within 15 working days of the event or decision being appealed, or of receiving an unacceptable lower level appeal decision." In the appellant's case, upon receiving the CDC Form 128-B, the starting time for appealing the institution's decision would commence. The letter is correctly retained by the IGI as a contraband item. The appellant has been identified as a validated associate of the Mexican Mafia prison gang since December 9, 2003, with the alias of "Angel." The examiner notes that the appellant has failed to provide or offer any new or updated evidence to support his claim at the Director's Level of Review (DLR). The appellant's request for monetary compensation will not be addressed since such a decision or finding is beyond the scope of the inmate appeals process. The appellant has been duly informed regarding his appeal issues and responding institutional staff has addressed all pertinent areas of his complaint. Based on the above information, justification for intervention at the DLR is not warranted nor been established by the appellant.

B. BASIS FOR THE DECISION:
California Penal Code Section: 5058
CCR: 3000, 3001, 3006, 3023, 3084.6, 3130, 3131, 3132, 3136, 3137, 3138, 3139, 3147, 3270, 3380
CDC Operations Manual Section: 13030.10, 52070.1, 52070.2, 52070.3, 52070.6.1, 52070.18, 52070.18.2, 72010.7.2

C. ORDER: No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR. If dissatisfied, the appellant may forward this issue to the California Victims Compensation and Government Claims Board, (formerly known as the State Board of Control), Government Claims Unit, P.O. Box 3035, Sacramento, CA 95812-3035, for further review.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:   Warden, PBSP
      Appeals Coordinator, PBSP

C - 2



|  |
|---|
| PELICAN BAY STATE PRISON |
| SECOND LEVEL REVIEW |

DATE: FEB 2 1 2007

Inmate: MARTINEZ, H-93376
Pelican Bay State Prison
Security Housing Unit
Facility C

RE: WARDEN'S LEVEL DECISION          APPEAL: **PARTIALLY GRANTED**
    APPEAL LOG NO. PBSP-C07-00012     ISSUE: MAIL

This matter was reviewed by Robert A. Horel, Warden, at Pelican Bay State Prison (PBSP). Correctional Sergeant J. Barneburg conducted the Appeal interview at the Second Level of Appeal Review on February 8, 2007.

All submitted documentation and supporting arguments have been considered, including the interview conducted at the Second Level of Review. Additionally, a thorough investigation has been conducted into the claim presented by the inmate and the documentation evaluated in accordance with PBSP's institutional procedures and the California Department of Corrections and Rehabilitation (CDCR) policies.

ISSUES

Inmate MARTINEZ claims that K. L. McGuyer, Correctional Captain, is circumventing established mail procedures by providing notification of disallowed mail with a CDC 128G instead of a CDC 1819 Notification of Disapproval-Mail/Packages/Publications. MARTINEZ cites California Code of Regulations (CCR), Title 15, Section 3147. (5) A and B. (Inmate MARTINEZ erroneously identifies the form used as a CDC 128G. The form used is actually a CDC 128B Informational Chrono.)

Inmate MARTINEZ requests: 1) To be given the incoming letter or supplied with the reasons for disallowing the letter with sufficient information included to provide for an adequate defense; 2) That the letter be removed from his Central File; 3) The Institutional Gang Investigations (IGI) staff stop using CDC 128b's instead of CDC 1819 when notifying parties of disallowed mail; 4) That he suffer no reprisals for filing this appeal; 5) That staff send a letter of apology to the author of the incoming letter; and 6) To be awarded $10,000 for infringement of his First and Fourteenth amendment rights and an additional $10,000 for "Punitive measures."

The Informal Level, Formal Level, and First Level were bypassed in this appeal.

On February 8, 2007, Sergeant Barneburg interviewed inmate MARTINEZ concerning the contents of this appeal. During the course of this interview, MARTINEZ related essentially the same information that he provided in his written appeal and added his contention that the letter in question does not violate the CCR, Title 15 or Operational Procedure 205.

C - 3

Second Level Reviewer's Response
Appeal Log #: PBSP-C07-00012
Inmate MARTINEZ H-93376
Page 2

FINDINGS

I

Sergeant Barneburg interviewed IGI Correctional Officer C. Countess regarding this appeal. Officer Countess confirmed that he had authored the CDC 128B dated December 7, 2006, regarding this mailing. In the informational chrono, Officer Countess cites CCR, Title 15, Section 3023, Gang Activity; Operational Procedure 205, Attachment 8, #32; and United States Code, Title 18. Section 1342, Use of a Fictitious Name or Address.

II

Sergeant Barneburg reviewed the letter and made the following observations: The return address portion of the envelope and the body of the letter were written by two separate people. This fact is readily apparent after cursory examination of the handwriting on each sample. The author of this letter relays gang information to MARTINEZ and signs the letter "Estela." The return address reads "Stella Gonzales" spelling Stella with two Ls. The content of the letter implies that author is incarcerated. It is reasonable to believe that this letter was generated by an incarcerated felon speaking in the third person using the alias of Estela. It is also reasonable to believe that this letter was forwarded by a third party who identifies herself as Stella Gonzales.

III

Regarding MARTINEZ' contention that notification of disallowed mail must be done using a CDC 1819. The CCR, Title 15, Section 3147. (5) A and B does not identify what form is to be used. It does spell out what the documentation must contain when used to notify the authors of both incoming and outgoing mail. Review of the CDC 128b dated December 7, 2006, authored by Officer Countess and authorized by Captain McGuyer, shows that it does, in fact, contain all of the information required by departmental rules and regulations regarding the disallowance of mail.

*CCR Title 15, Section 3147. (5); Withheld/Disallowed Mail. First class mail addressed to an inmate, any publication, package, or an enclosure in otherwise acceptable first class mail, which is specifically prohibited by the provisions of this article or by facility mail procedures, may be disposed of as provided in subsection (B) without holding the item of mail pending appeal but with notice as required in subsections (A) and (B). When mail is withheld, based upon a judgmental or interpretive decision of staff, it shall be retained by the facility for not less than 15 days pending actions listed in (A) below.*
*(A) The inmate will be promptly informed in writing of the reason the mail is being disallowed; the disposition to be made of the mail; the name of the official disallowing the mail; and, the name of the official to whom an appeal may be directed. The notice to the inmate shall include the name and date of the publication, or the name and address of the sender, and shall inform the inmate of the disposition that shall be made, if an appeal is not submitted to the named official within 15 days of the date of the notice.*
*(B) Incoming mail disallowed under the provisions of this article, under facility procedures, or pursuant to an appeal, shall be destroyed or mailed at the inmate's expense to an approved outside correspondent. The undelivered mail shall be destroyed 15 days after the notification of undelivered mail is forwarded to the inmate unless the inmate designates who is to receive the mail and authorizes withdrawal from their trust account to pay for the expense of mailing, or as authorized by the institution head, provides sufficient postage stamps already in the inmate's possession.*

Second Level Reviewer's Response
Appeal Log #: PBSP-C07-00012
Inmate MARTINEZ H-93376
Page 3

*CCR Title 15, Section 3147. (6) Stopped Mail. If for any reason set forth in this article or in approved facility mail procedures any first or second class mail is not accepted for mailing for an inmate or is accepted for mailing but is not promptly mailed, the inmate will be notified in writing of the reason for refusal to accept or to promptly mail the items. The notice will include the disposition to be made of any such mail in the possession of department employees. Unless the retention of such mail is required in legal or disciplinary proceedings against the inmate it will be promptly mailed or returned to the inmate.*

## DETERMINATION OF ISSUE

The Second Level Reviewer has examined all pertinent documents including all information received during the Second Level interview. MARTINEZ has received all copies of documents relating to this issue and was cited the appropriate CCR sections of the Title 15 to examine. This appeal is **PARTIALLY GRANTED** at the second level. Based upon a review of all of the available information, the mailing was appropriately confiscated by IGI as it contained gang information being relayed from an unauthorized correspondent through a third party and due to this fact, inmate MARTINEZ' request to receive this letter is DENIED. MARTINEZ' request for the letter to be removed from his central file is DENIED. This letter was not placed in MARTINEZ' Central File as noted on the CDC 128b dated December 7, 2006. This line was checked in error and will be corrected on the original form. MARTINEZ' request for IGI staff to stop using Informational Chrono's in lieu of the CDC 1819 is also DENIED. The use of this form is legitimate and in accordance with departmental rules and regulations. MARTINEZ' request that he not suffer reprisal for the filing of this appeal is GRANTED. PBSP supports the appeal process and does not take action against inmates for their legitimate use of the appeal system. MARTINEZ' request for a letter of apology to be sent to the author of the disallowed letter is DENIED. The sender of this letter (Stella Gonzales) was notified of the disposition of the correspondence in accordance with departmental rules and regulations. Captain McGuyer and Officer Countess have nothing to apologize for regarding this matter. MARTINEZ' request to be awarded a total of $20,000 for punitive relief for the supposed violation of his first and fourteenth amendment rights is DENIED. MARTINEZ has failed completely to show how the disallowance of a letter from Stella Gonzales containing gang activity has violated his own first or fourteenth amendment rights.

## MODIFICATION ORDER

No modification of this decision or action is required.

ROBERT A. HOREL
Warden

UNIT C-7

| INMATE/PAROLEE APPEAL FORM CDC 602 (12/87) | Location: Institution/Parole Region 1. PBSP 2. | Log No. 1. C07-00012 2. | Category 3/7 incoming mail of 12-7-06 |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
| Martinez, Ivan Angel | H-08876 | | C-7-224 |

A. Describe Problem: In Re CCR 3136 Disapproval Of Inmail. On 12-15-06 I Received a CDC 128G. From C/O Herdina. Stating "Stopped Mail Notification" from an incoming correspondence. First I contend that Capt McGuyer is Circumventing established Mail procedures violating CCR 3131 and OP 205 by deliberately using a CDC 128G instead of CDC 1819 (Notice of Disapproval). This Circumvention of Mail procedure allows Staff to arbitrarily deny/disapprove In-Mail. Under CCR 3147(B) a "Stopped Mail" pertains to mail that is being mailed by the I/M and not being received. Mail that is being withheld from an I/M that was sent from an outside party is

If you need more space, attach one additional sheet.   Copy Made 12-26-06   Cont. on Next page

B. Action Requested: That I be given my letter and if not the reasons for not giving me my letter with enough information to provide an adequate defense. That the letter be removed from my central file. That staff not use 128 Gs for "Stopped Mail" and only use CDC 1819s and refrain from using underground policies.

Inmate/Parolee Signature: _____   Date Submitted: 12-28-06

C. INFORMAL LEVEL (Date Received: _____)

Staff Response:

BYPASS

Staff Signature: _____   Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____   Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim   CDC Appeal Number:

JAN 02 2007

C-6

First Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____
Interviewed by: _____

_____
_____
_____
_____

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved: _____ Returned
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____
_____
_____

Signature: _____ Date Submitted: _____

Second Level ☐ Granted ☒ P. Granted ☐ Denied ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days). Date assigned: 1-22-07 Due Date: 2-15-07
☒ See Attached Letter

Signature: _____ Date Completed: 2-15-07
Warden/Superintendent Signature: _____ Date Returned to Inmate: FEB 22

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____
_____
_____
_____
_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION ☐ Granted ☐ P. Granted ☐ Denied ☐ Other
☐ See Attached Letter
Date: _____

CDC 602 (12/87)

C-7

Continued from A. Describe problem.

1. is Under CCR. 3147(5)(A)(B). And Under these guidelines. I should
2. have been advised of Withheld/disallowed Mail. Via CDC 1819.
3. which notifies an You in a timely manner, and provides an opportunity
4. to appeal disposition. However by. bypassing these procedures and utilizing
5. a CDC.128G. staff can choose to delay Notice of Mail being withheld.
6. it takes several days if not weeks for a 128(G) to be typed. Thereby
7. prohibiting Yous from appealing actions within the 15 day time limitation
8. per 3147(B). This is why the procedural safeguards are in place per
9. 3147.(5)(A)(B) to prevent this.
10. Further their is nothing in this 128.G. that gives me enough
11. information to provide an adequate defense. I have a first &
12. fourteenth amendment right under the Constitution to free
13. speech, and protections from Unjustified interference. With
14. Mail & Correspondence. Further it is arbitrary to place letters
15. in Central files based on Uncorroborated. perceptions and
16. Mere allegations of Mail Violations. Their is no legitimate
17. penological interest, or justification in this instance.

Continued from. B. Action requested.

25. ~~that~~ I suffer no reprisals for filing this appeal. And
26. that staff send a letter of apology to My correspondent.
27. And that I be awarded $10.000. for infringement of my
28. ~~1st~~ & 14th amend rights. and $10.000. for punitive Measures.

C - 8

NAME: MARTINEZ, ANGEL    CDC#: H-93376    HOUSING C7-224    CDC 128-B

On 12/7/2006 correspondence was stopped for the above-named inmate. The mailing is described as follows:

☐ OUTGOING CORRESPONDENCE/ ADDRESSED TO:   ☒ INCOMING CORRESPONDENCE / FROM:

STELLA GONZALES
2945 BELL RD# 185
AUBURN, CA, 95603

The correspondence was disapproved in accordance with Section 3136(a) as it pertains to 3006(c):
☒ It violates regulations or local procedures:
  ☒ Promotes gang activities [Title 15, 3023 (a)]
  ☐ Unauthorized business dealings [3024 (a)]
  ☐ Unauthorized inmate to inmate correspondence [Title 15, 3139]
  ☐ Unauthorized inmate to parolee / probationer correspondence [Title 15, 3140]
  ☒ Third party correspondence [OP 205, Attachment 8, #32]
  ☒ Use of fictitious name or address [U.S.C.S. Title 18, Section 1342, OP 205]
  ☐ Other (describe): Contraband [Title 15, 3006 (c) (6)]

☐ It incites physical harm to a person or group of persons
☐ It incites disruption of the order in a facility, such as riot, escape, strike, etc.
☐ It contains coded messages
☐ It contains obscene or sexually explicit material, or portrays nudity
☐ It is deemed to be a threat to legitimate penalogical interests.
☐ It contains material or literature which would pose a threat to institutional security or the safety of other persons if allowed to be possessed by inmates.

Additional Information: _____

The disposition of the letter is as follows:
☒ Retained by Investigative Services Unit for investigation / potential disciplinary or court proceedings.
☐ Returned to sender in accordance with Section 3147 (a) (5) (B) or 3147 (a) (6).
☒ Placed in Central File in accordance with Title 15, Section 3147 (a) (7).

Reporting Employee:                                   Correspondence Disapproval Authorized By (Captain level or above):

_____                             _____
C. COUNTESS                                           KURT L. McGUYER
Correctional Officer                                  Correctional Captain
Institutional Gang Investigations                     Investigative Services Unit

Correspondents are personally responsible for the content of each item of mail they send into or out of a correctional facility. Any violation of laws governing mail will be referred to postal authorities and to appropriate criminal authorities. Violations of law, the policies and regulations or of approved facility mail procedures may result in the temporary suspension or denial of correspondence between the persons involved. [Section 3132 (a)]. Inmates may appeal the stopped mail utilizing the departmental appeal process.

cc:   C-File
      AWC File
      Investigative Services Unit
      Inmate
      Sender (incoming correspondence only)

DATE: 12/7/2006            STOPPED MAIL NOTIFICATION            GENERAL CHRONO

PELICAN BAY S.H.U.
11-15-06
UNIT C 7

C - 9