# EXHIBIT D

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: JUN 2 6 2007

In re: Martinez, H-93376
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0612740      Local Log No.: PBSP 07-00269

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner K. J. Allen. All submitted documentation and supporting arguments of the parties have been considered.

**I  APPELLANT'S ARGUMENT:** It is the appellant's position that on January 22, 2007, he was noticed by the Institution Gang Investigator (IGI) via a CDC Form 128-B, General Chrono, Stopped Mail Notification, that his in-coming mail was not allowed. The appellant believes the use of the general information chrono circumvented established departmental mail regulations. The appellant contends the appropriate method to inform inmates of mail issues is a CDC Form 1819, Notification of Disapproval-Mail/Packages/Publications. The appellant requests on appeal that he be given his letter and if not, provided the reason why he cannot receive it. He also requests that staff utilize the CDC Form 1819 to notify inmates of future mail issues.

**II  SECOND LEVEL'S DECISION:** The reviewer found that the appellant's claim that staff acted in an inappropriate or unprofessional manner is unfounded. There is no evidence to support the appellant's claim that staff attempted to circumvent departmental rules. In contrast, the CDC Form 128-B was used to provide the appellant with more information regarding the disallowance of his in-coming mail. The appellant is a validated associate of the Mexican Mafia (EME) and his in-coming mail was addressed to his EME alias and did not have a return address. The reviewer notes that the general chrono issued by the IGI satisfied the requirement of the California Code of Regulations, Title 15, Section (CCR) 3147, Definition and Disposition of Inmate Mail. The letter was not placed in the appellant's central file and his request to remove the letter is not an option. The appeal was partially granted at the Second Level of Review in that the appellant was provided the reason why he did not receive his mail; all of the appellant's other requests were denied.

**III  DIRECTOR'S LEVEL DECISION:** Appeal is denied.

    A. **FINDINGS:** All incoming and outgoing inmate mail is reviewed by staff for possible contraband. Institution mail procedures are necessary to ensure the safety and security for staff, inmates, and the public. The appellant's accusation that staff acted inappropriate is not substantiated. The appellant was provided the reason why his mail was disallowed. His in-coming mail was in clear violation of departmental regulations. The appellant has failed to provide evidence that staff were unprofessional; nor has he provided any new or compelling information that would warrant a modification of the decision reached by the institution. Relief at the Director's Level of Review is unwarranted.

    B. **BASIS FOR THE DECISION:**
CCR: 3130, 3131, 3147, 3270, 3380, 3391

    C. **ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, PBSP
        Appeals Coordinator, PBSP

D-1