# EXHIBIT E

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

C-FILE

## DIRECTOR'S LEVEL APPEAL DECISION

Date: MAY 31 2007

In re: Martinez, H-93376
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0611949        Local Log No.: PBSP 06-03253

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pimentel, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I  APPELLANT'S ARGUMENT: It is the appellant's position that the Pelican Bay State Prison (PBSP) Institution Gang Investigator (IGI) has implemented a policy that all outgoing correspondence will be stamped to identify that the mail is from PBSP. The appellant contends that this policy is excessive and exceeds the IGI's authority. The appellant asserts that the stamp renders the mail unreadable and defaces the mail. The appellant requests to be monetarily compensated for the violation of his rights.

II  SECOND LEVEL'S DECISION: The reviewer found that the gang members that are housed in the PBSP Security Housing Unit (SHU) frequently use the mail as a means to communicate gang information. The PSBP implemented a procedure to identify the point of origin for all inmate correspondence. The PBSP stamps all outgoing correspondence with "Pelican Bay SHU" and the housing unit it was sent from. The stamp is in pale orange ink and is intended to inhibit the flow of gang information. The reviewer noted that SHU inmates often utilize various methods to send messages to inmates that are housed at other CDCR institutions and the stamp is intended to alert staff at other institutions that the correspondence originated at PBSP. The reviewer advised the appellant that the stamp is placed across the inmate writing so as to prevent removal of the stamp via photocopying. The Second Level of Review (SLR) denied the appeal.

III  DIRECTOR'S LEVEL DECISION: Appeal is denied.

   A. FINDINGS: The documentation and arguments are persuasive that the appellant has failed to support his appeal issues with sufficient evidence or facts to warrant a modification of the SLR. The institution has presented the appellant a thorough and comprehensive review of the appellant's issue and the Director's Level of Review (DLR) finds no basis to alter said decision. The DLR finds that a legitimate penological interest exists for the PBSP to stamp all outgoing inmate correspondence. The PBSP presented an articulate basis that the correspondence must be stamped across the writing so as to prevent photocopying which would remove the stamp. The PBSP IGI is tasked with hindering the communication methods that are used by the various gang members housed at PBSP. The PBSP procedure is a legitimate means to accomplish this goal. The DLR notes that the appellant's correspondence is still legible. Therefore no relief is provided at the DLR.

   B. BASIS FOR THE DECISION:
   California Code of Regulations, Title 15, Section: 3000, 3001, 3006, 3023, 3130, 3131, 3270, 3380

   C. ORDER: No changes or modifications are required by the institution.

E-1

MARTINEZ, H-93376
CASE NO. 0611949
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

*[signature]*

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, PBSP
       Appeals Coordinator, PBSP

E - 2



| PELICAN BAY STATE PRISON |
|---|
| SECOND LEVEL REVIEW |

DATE: MAR 0 7 2007

Inmate MARTINEZ, H-93376
Pelican Bay State Prison
Facility C, Security Housing Unit
Building 7, Cell 224

RE:  WARDEN'S LEVEL DECISION          APPEAL: PARTIALLY GRANTED
     APPEAL LOG NO. PBSP-C-06-03253    ISSUE: MAIL

This matter was reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP). Correctional Sergeant E. Enos interviewed the inmate on January 12, 2007, at the First Level of Appeal Review.

## ISSUES

Inmate Martinez requests the stamping of his outgoing mail cease and to be compensation for the destruction of his outgoing mail. He also requests no reprisals be taken against him as a result of filing this appeal.

## FINDINGS

### I

The inmate disputes the institutional requirement that all outgoing correspondence leaving the Security Housing Unit (SHU) be stamped diagonally across any writing in red ink to establish its point of origin as described in an Associate Warden's memorandum of November 13, 2006. He claims it defaces the correspondence and has attached a greeting card to the appeal as an example.

### II

The California Code of Regulations (CCR), Title 15, Section 3270, requires security take precedence over all other considerations in the operation of programs and activities within the institution.

The CCR, Title 15, Section 3084.1 (d), prohibits reprisals from being taken against an inmate for filing an appeal.

## DETERMINATION OF ISSUE

A subsequent Associate Warden's memorandum dated December 20, 2006 clarifies that it is not the intent of the requirement to deface the inmate's correspondence but rather provide a means to recognize correspondence that is unauthorized. Additionally, a pale orange stamp is now being utilized which lessens the stamp's intrusion on the correspondence.

E-3

Supplement Page 2
MARTINEZ, H93376
Appeal # PBSP-C-06-03253

As a result, a determination has been made that modifications to the institutional procedure are unwarranted as security concerns must take precedence and the stamping does not make the writing on the correspondence illegible. Nevertheless, reprisals will not be taken against the inmate for filing the appeal; therefore, the APPEAL IS PARTIALLY GRANTED. However, financial compensation is not within the scope of the appeals process.

MODIFICATION ORDER

No modification of this action or decision is required.


ROBERT A. HOREL\
Warden

BDS #49 2-26-07

E - 4

FIRST LEVEL SUPPLEMENTAL PAGE          C-FILE

RE:     PELICAN BAY STATE PRISON (PBSP)
        Appeal Log Number PBSP-C-06-03253
        First Level Reviewer's Response

INMATE: MARTINEZ, H-93376

APPEAL DECISION: DENIED

APPEAL ISSUE: (MODIFIED)

You claim your rights are being violated. Specifically, you claim your mail is being defaced and destroyed when staff stamps a notification mark with red ink on each page in the name of security.

ACTION REQUESTED:

You want this policy of stamping all outgoing mail discontinued and that you want to be compensated for the destruction of and censoring of your correspondence.

FINDINGS:

Your appeal, including your requested remedial action, has received thorough and careful consideration. Correctional Sergeant E. Enos was assigned to interview you by the First Level Reviewer. Sergeant Enos investigated your appeal and accusations. On January 12, 2007, Sergeant Enos interviewed you. During the interview, you stated you did not want to add any information to your written appeal.

The memorandum, "POINT OF ORIGIN IDENTIFICATION STAMPS," dated November 13, 2006, authored by Correctional Captain K. McGuyer of the Investigative Services Unit, gives specific instructions on how staff is to stamp inmate mail. Staff is cautioned to stamp mail so that it does not interfere with the intended address to avoid interference with processing by the mailroom and the United States Postal Service.

The stamped mail you submitted was reviewed. The front side of the envelope that contains the greeting card has a stamp that is in between the intended address and the return address; therefore, it does not interfere with the mailing. Inside the greeting card, a stamp is placed in the body of the text. The text is still readable, and did not interfere with the mailing nor was it censored in any way. Staff stamped your mail in accordance with institutional directives.

DETERMINATION OF ISSUE:

Based on this review, your action requested to resolve this appeal is DENIED at the First Level of Review.


U. SILVA              1-16-07                C. M. SCAVETTA              1/16/07
Facility Captain      Date                   Associate Warden            Date
C Facility                                   Security Housing Unit

E - 5

PELICAN BAY S.P.

UNIT C-7

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region
1. PBSP
2. _____

Log No.
1. C06-03253
2. _____

Category 3/14
POINT OF ORIGIN STAMP

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: MARTINEZ, J.A.
NUMBER: H-98376
ASSIGNMENT: _____
UNIT/ROOM NUMBER: C-7-224

A. Describe Problem: In Re CCR. T.15. Sec. 3130, 3131. Implementation Of Memorandum, Dated Nov. 13-06. (Attatched). "Processing Of All Outgoing Mail" I.E. Stamping Of All O/M Mail. This Arbitrary Stamping Censors, alters, and defaces, Prisoners Communications, With Non-Prisoners. You Are guaranteed freedom Of Speech per the 1st & 14th Amendments to the U.S. Constitution, (a Protection Against Unjustified Govt. interference. With the intended Communication(s). By P.B.S.P. Stamping With a big bold faced red stamp, it in effect Censores Communication. As it interferes With the reading Of Mailing. (see attatched Christmas Card). It also defaces, And Censors. pictures, Cards, postcards, letters, Posters, drawings, legal documents. Official papers

If you need more space, attach one additional sheet. — Copy made — Continued on supplemental page.

B. Action Requested: That P.B.S.P. Cease & Desist from the Unconstitutional practice of stamping outgoing Mail. (All outgoing Mail). That I be Compensated for destruction of and censoring of Correspondence. 19. Greeting Cards. (Christmas & B-day). in the amount of $2.00 for each Card (Monetary and punitive damages. of $1,000 for each Card. And. Compensatory damages of $2,000 for each. Cont.

Inmate/Parolee Signature: _____ Date Submitted: 12-25-06

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: 

**BYPASS**

Staff Signature: _____ Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**BYPASS**

Signature: _____ Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: 

DEC 26 2006
1st/AW-SHU

E-6

First Level:  ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____

E. REVIEWER'S ACTION: (Complete within 15 working days): Date assigned: 12-26-06   Due Date: 02-08-07
Interviewed by: Sgt ENOS INTERVIEWED I/M MARTINEZ ON 1-12-07 AT APPROXIMATELY 1820 HOURS - SEE ATTACHED

Staff Signature: _____  Title: _____  Date Completed: 1-12-07
Division Head Approved:
Signature: _____  Title: _____  Date Returned to Inmate: 2-?-2007

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Signature: _____  Date Submitted: _____

Second Level  ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other _____

G. REVIEWER'S ACTION: (Complete within 10 working days): Date assigned: _____  Due Date: _____
☐ See Attached Letter

Signature: _____  Date Completed: _____
Warden/Superintendent Signature: _____  Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: _____  Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other
☐ See Attached Letter
Date: _____

CDC 602 (12/87)

E-7

Continued from (A) describe problem.

Such as Certificates, diplomas, College papers, And College Scantrons, Non-Confidential legal papers as well as a plethora of other mailings.

1. This new Underground policy entails an adverse Consequential restriction on the [Constitutional] rights of Both prisoners and those who are not prisoners!

2. Per CCR.3331. before implementation and revision is Made to an approved plan of Operation Concerning Mail, this plan will require the directors approval before implementation. And before any revision is made to an approved plan. it further states that procedures shall Conform to the policies, regulations And provisions of law, which includes CCR 3130. which states in part that sending of Mail will be uninhibited.

3. It is abundantly clear that this new Underground policy is *not* "Reasonably related to legitimate penological objectives". This exaggerated response to Supposed gang activity, or illegal Communication or Circumvention is unnecessarily broad, and not related to legitimate policies, and goals of the CDCR. system.

4. IGI. Captain McCoyer indicates that this "Stamping" is necessary to identify the origin of ym Mailings. This hyperbolic reason for Stamping mailings is absolutely absurd. As P.B.S.P. SHU. Already has many established Safeguards in place to prevent any form of Circumvention (Boomerang method) or Third party Mail. For instance Per PBSP. operational procedure # 28. ym Mail. And PBSP SHU orientation manual. All yms are required to put their full names, CDC #s, And Housing Unit and Cell Numbers on the Left hand Corner of all outgoing Mail. Upon Mail pickup officers scan all mail at yms doors. to see that the return address is correct. And that the Name & cell number, housing unit, is infact that of the ym mailing Correspondence. Further 1st watch staff again inspect each Mailing for Contraband or Circumvention violations. If their is suspected violations, First watch staff will send mail to IGI. officer for inspection, and if He/she Finds any deviations from established procedure, He/she in turn Send this Mailing to facility Captain. Hence, their is already a four tier level of preventive security methods established to curtail any Mail violations.

5. 1) no rational connection exists between this policy and legitimate Penological interests. As Safeguards are already in Place. 2). Even if their was a legitimate Penological interest behind this Underground policy. Their is no reason why a smaller stamp Could not be utilized. And placed only on the reverse side of mailings. Such as back of letters, cards, pictures, drawings etc. However; the procedures already in place nullify the use of this repugnant and offensive stamp. yms Are required to put their cell numbers and housing units on the Mailing envelopes. A stamp underneath the return address repeating the same information is Redundant and Vindictive, and only further stigmatizes and ostracizes prisoners from non prisoners. 3). The impact of this new policy adds to the workload of staff unnecessarily and Costs a significant amount of money to purchase stamps and a Constant supply of ink. For 22 housing Units, not Counting Canteen, Medical, And program facilities. 4). The policies And procedures already in effect that Mandates yms to put their cell. And housing unit numbers as well as full names And CDC numbers, is self evident that this policy is not reasonable.

6. Further More the implication that some yms May reroute mail, or repackage letters, And that a stamp would prevent this is frivolous and Inept. All it would take to by pass a "Stamp" would be to rewrite, retype or rephrase a mailing and forward to a third party. Thus this theory holds no water and is without Merit.

Continued on Reverse

E-8

" 'Glory to God in the highest,
and on earth peace, good will toward men.' "
LUKE 2:14 KJV

HARVEY FAMILY

Amid the sounds of the season,
may you hear the angel chorus
and joyfully sing along.

May Your Christmas
be Filled with Joy
Merry Christmas And
Happy New Year.
God Bless.

E-9

JOHNNY MARTINEZ H-43376
P.O. Box 7500 C-7-224 SHU
CRESCENT CITY, CA 95532

PELICAN BAY S.H.U.
UNIT C-7

Tom Harvey
P.O. Box 517
Fort Mill, SC 29716.

Exhibit B.

# Memorandum

*All C-7 Floor Staff Please Read this*

Date : Nov. 13, 2006

To : All Security Housing Unit Staff

From : Department of Corrections and Rehabilitation
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : PROCESSING OF ALL OUTGOING AND INSTITUTIONAL MAIL

Effective immediately, staff processing outgoing mail from the Security Housing Unit will ensure the mailing and all its contents are stamped with red ink indicating the unit of origin. Only red ink shall be utilized to not interfere with the readability of the inmates writing in state-issued black ink. This process shall include all institutional mail. The following instructions will be adhered to when processing this mail:

> First class mail: This mail will be stamped on the outside of the envelope and all contents of the envelope. Each page of the letter will be stamped through the writing diagonally to prevent any third party mailer from removing the mark and photocopying the correspondence for forwarding. The envelope of each mailing shall be stamped to the left of the intended recipient's address. Caution must be utilized not to stamp over the intended address so there is no interference with the United States Postal Service processing.

> Legal mail: Only the outside of the envelope will be stamped, preferably on the reverse side across the seal.

> Postcards: Process the same as First Class mail.

> Institutional mail: The reverse of the form utilized may be stamped. If the form utilized by the inmate is double-sided, then discretion will be used in the location of the stamp to not interfere with the processing of the form. U-Save-Em envelopes must have the contents stamped the same as First Class mailings.

*[Stamp: PELICAN BAY S.H.U.]*

All mailings or correspondence leaving the unit must be stamped. Therefore, it is advised only unit staff will be allowed to accept mail or forms for mailing. If unit visitors find it necessary to accept mail or forms from an inmate, unit staff will ensure the mailing or form is stamped prior to leaving the unit.

Staff are reminded that this process is implemented for tracking the point of origin of each mailing and discretion shall be utilized at all times to not deface or alter the mailing itself.

Attached to this memorandum are examples of preferred locations for stamp placement.

If you have any questions, please call Sergeant J. Beeson at extension 9086.

C.M. SCAVETTA
Associate Warden
Security Housing Unit

Attachments

cc: J. Beeson

E-11