```
 1  EDMUND G. BROWN JR.
    Attorney General of the State of California
 2  DAVID S. CHANEY
    Chief Assistant Attorney General
 3  ROCHELLE C. EAST
    Acting Senior Assistant Attorney General
 4  THOMAS S. PATTERSON
    Supervising Deputy Attorney General
 5  KENNETH T. ROOST, State Bar No. 231444
    Deputy Attorney General
 6     455 Golden Gate Avenue, Suite 11000
       San Francisco, CA 94102-7004
 7     Telephone: (415) 703-5824
       Fax: (415) 703-5843
 8     Email: Ken.Roost@doj.ca.gov

 9  Attorneys for Defendants Tilton, Scavetta, Horel,
    Silva, Vanderhoofven, McGuyer, Enos, Barneburg,
10  Countess, Milligan, and Estes

11
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JUAN ANGEL MARTINEZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> JAMES E. TILTON, et al., <br><br> Defendants. | C 07-4684 CRB (PR) <br><br> SUPPLEMENTAL DECLARATION OF K. MCGUYER IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

I, K. MCGUYER, declare as follows:

1.  I am a Defendant in this case, and employed by the California Department of Corrections and Rehabilitation (CDCR) as a Correctional Captain at Pelican Bay State Prison (PBSP). I headed PBSP's Institutional Gang Investigations Unit for two years, where I became particularly familiar with the policies and regulations impacting inmates within the Security Housing Unit (SHU), including the point-of-origin stamping policy. I am competent to testify to the matters set forth in this declaration, and if called upon to do so, I would and could so testify.

1. I am supplementing my original declaration filed in this case to the extent necessary to adequately respond to the Plaintiff's opposition.

2. The point-of-origin stamping policy prevents SHU inmates' two methods of circumventing the prohibition on inmate-to-inmate communications: (1) addressing correspondence to fictitious destinations, and placing another inmate's address as the return address for the bounced mailing; and (2) using intermediaries outside of prison to re-route all or parts of mail to other inmates.

3. The place-of-origin stamp is intentionally placed diagonally atop correspondence, which enables correctional officers checking incoming inmate mail to easily note if any part of a correspondence illicitly originated from an inmate at PBSP SHU. These stamps therefore effectively encumber intermediaries who would photocopy and forward the pages back into prison.

4. Not only every page of the correspondence, but the envelope itself, receives this place-of-origin stamp. This helps to prevent bouncing mail to another inmate's return address by assuring that the proper return address is placed on the envelope. Correctional officers are often overwhelmed with multiple duties and concerns when being handed mail from an inmate, and can easily overlook discrepancies in the inmate's return address.

//
//

Suppl. Decl. McGuyer Supp. Defs.' Mot. Summ. J.

*Martinez v. Tilton, et al.*
C 07-4684 CRB (PR)

5. The point-of-origin stamping policy protects prison security and the lives of correctional officers and other inmates by putting a stop to methods of prohibited prison-gang communications, while still enabling SHU inmates to send perfectly legible mail. Because over 95% of SHU inmates are prison-gang participants, all outgoing inmate mail from PBSP SHU is stamped to streamline the duties of correctional officers and maintains equal treatment of all SHU inmates which—were it otherwise—could arouse suspicions and jealousies among inmates in the SHU.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Crescent City, California.

July 16, 2008
Date

K. McGUYER

20122282.wpd
SF2008400483

Suppl. Decl. McGuyer Supp Defs.' Mot. Summ. J.

*Martinez v. Tilton, et al*
C 07-4684 CRB (PR)